NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZAJI O. ZAJRADHARA, <br><br> Petitioner, <br><br> v. <br><br> OFFICE OF THE CHIEF ADMINISTRATIVE HEARING OFFICER; TAGA, INC., <br><br> Respondents. | No. 25-3156 <br><br> Agency No. Office of the Chief Administrative Hearing Officer <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Office of the Chief Administrative Hearing Officer

Submitted July 31, 2026**

Before: MURGUIA, Chief Judge, and WARDLAW and JOHNSTONE, Circuit Judges.

Zaji O. Zajradhara petitions for review of an Office of the Chief

Administrative Hearing Officer ("OCAHO") dismissal of his 8 U.S.C. § 1324b

citizenship-status discrimination claim for lack of subject matter jurisdiction. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1324b(i)(1).  Reviewing the ALJ's legal

conclusions de novo and its factual findings for substantial evidence, *Mester Mfg.*

*Co. v. INS*, 879 F.2d 561, 565 (9th Cir. 1989), we deny the petition.

1.  The ALJ properly dismissed Zajradhara's claims at summary judgment.[1]

8 U.S.C. § 1324b(a)(2)(A) prohibits discrimination based on citizenship status, but

it does not apply to "a person or other entity that employs three or fewer

employees."[2]  The undisputed evidence demonstrates that Taga employed fewer

than three persons.  Taga submitted affidavits and other documentation

establishing that it employed no more than two individuals at all relevant times.

---

[1]      We assume without deciding that the OCAHO had subject matter
jurisdiction over Zajradhara's § 1324b claim.  The ALJ dismissed Zajradhara's
complaint due to lack of subject matter jurisdiction, following OCAHO precedents
that characterized 8 U.S.C. § 1324b(a)(2)'s numerosity requirements as
"jurisdictional as they limit the scope of cases properly before an OCAHO ALJ."
*United States v. Facebook, Inc.*, 14 OCAHO no. 1386b, 7 (June 2, 2021) (citing
*Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011) (warning
against labeling a rule as jurisdictional "unless it governs a court's adjudicatory
capacity")).  This approach interprets § 1324b's provisions as jurisdictional in light
of *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) and *Henderson*.  Some OCAHO
cases diverge, applying *Arbaugh*'s interpretation of Title VII's numerosity
requirement to § 1324b(a)(2)(A) and holding that "the number of a respondent's
employees is an element of a claim for relief rather than a jurisdictional matter."
*Lima v. New York City Dep't. of Educ.*, 10 OCAHO no. 1128, 9 (Apr. 16, 2009).
We have similarly treated the § 1324b(a)(2) exceptions as statutory limitations on
coverage, not jurisdiction. *See, e.g.*, *Tovar v. USPS*, 3 F.3d 1271, 1273–75 (9th Cir.
1993).  Because the outcome of this appeal is the same under either standard, we
do not resolve whether the numerosity requirement is jurisdictional or an element
of the claim here.
[2]      The same is true for national-origin discrimination claims. *See* 8 U.S.C.
§§ 1324b(a)(1)(A), (2)(A).

Because Zajradhara failed to contest Taga's evidence[3]—despite the opportunity to conduct limited discovery—there is no genuine dispute that Taga employed the requisite four or more individuals, and the claim fails as a matter of law.

2.  The ALJ did not abuse its discretion in vacating the default judgment against Taga and declining to reconsider that decision. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (reviewing a decision on a Rule 60(b) motion for an abuse of discretion).  The ALJ properly relied on Federal Rule of Civil Procedure 60(b), as OCAHO rules are silent on this issue.  *See* 28 C.F.R. § 68.1.  The ALJ considered "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff."  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).  The ALJ reasonably found that Taga's conduct was not culpable, citing Taga's owner's personal hardship and unfamiliarity with the U.S. legal system.[4]  *See id.* at 699.  Taga's

---

[3]     Instead, he submitted "unreliable" evidence and "unsubstantiated suggestions" of third parties' (not Taga's) "broader network[s] of employees" and visa fraud, which was irrelevant to the numerosity inquiry.

[4]     We have "held that district courts should explicitly use the *Pioneer–Briones* framework for analysis of excusable neglect."  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir. 1997)).  Though the ALJ did not utilize this framework, a *Pioneer–Briones* analysis would produce the same result as the ALJ's *TCI* analysis.

defense—that it fell outside of § 1324b(a)(2)(A)—was not only meritorious but dispositive. And vacatur was not prejudicial to Zajradhara as it would "merely . . . force[] [Zajradhara] to litigate on the merits." *Id.* at 701.

3. The ALJ did not abuse its discretion in declining to disqualify or sanction Taga's counsel. *See In re Coordinated Pretrial Procs. in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1358 (9th Cir. 1981). Disqualification is a "drastic" measure warranted where counsel's other clients are "materially adverse" to the represented party "in the same or a substantially related matter." *Reading Int'l, Inc. v. Malulani Grp., Ltd.*, 814 F.3d 1046, 1049, 1053 (9th Cir. 2016). Zajradhara identified no such adversity.

4. Even if the ALJ abused its discretion by declining to take judicial notice of the Commonwealth of the Northern Mariana Islands 2023 Annual Report, any error was harmless. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The Report and other materials purporting to link Taga to affiliated entities did not implicate § 1324b(a)(2)(A)'s numerosity threshold.

5. The ALJ properly held that Zajradhara's visa-fraud allegations provide no basis for relief. There is no visa-fraud exception to § 1324b(a)(2)(A)'s coverage threshold. To the extent that Zajradhara seeks relief for § 1324c violations, the statute provides no private right of action and Zajradhara does not allege that it does. *See Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 615 F.3d

4                                                                    25-3156

1106, 1115 (9th Cir. 2010) (explaining that the burden of proving that a private action exists rests with the party attempting to assert it).

6. Reviewing Zajradhara's constitutional claims de novo, *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001), we conclude that they are without merit. Zajradhara alleges that the ALJ violated his Fifth and Sixth Amendment due process rights. But the ALJ provided ample opportunity for Zajradhara to present documents or pursue discovery establishing that Taga employed at least four individuals. Zajradhara's failure to do so, rather than a denial of due process, precluded relief on this § 1324b claim. Moreover, the Sixth Amendment does not apply to this civil proceeding. Zajradhara additionally brings Equal Protection Clause claims, alleging that OCAHO discriminated "against Appellant's *pro se* status and ethnic background." To establish his Equal Protection claim, Zajradhara "must show that a class that is similarly situated has been treated disparately." *Roy v. Barr*, 960 F.3d 1175, 1181 (9th Cir. 2020) (citation omitted). Because Zajradhara identifies no such class, his claim cannot succeed.

**PETITION DENIED.**[5]

---

[5] Though "[w]e allow expansion of the administrative record in four narrowly construed circumstances," *Fence Creek Cattle Co. v. U.S. Forest Service*, 602 F.3d 1125, 1131 (9th Cir. 2010), Zajradhara's first motion for miscellaneous relief, construed as a motion to supplement the record, and his motion to supplement the record, do not fit within these exceptions and are therefore **denied**. His remaining motions for miscellaneous relief, which request reinstatement of OCAHO's default order, are **denied** as moot.